ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

JAMES R. KNAPP
Arizona State Bar No. 021166
Assistant U.S. Attorney
Email: james.knapp2@usdoj.gov
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500

KENNETH A. BLANCO
Acting Assistant Attorney General
U.S. Department of Justice, Criminal Division

LAURA-KATE BERNSTEIN
Trial Attorney
Maryland State Bar
Email: Laura-Kate.Bernstein@usdoj.gov
Computer Crime and Intellectual Property Section
U.S. Department of Justice
1301 New York Ave. NW, Suite 600
Washington, D.C. 20005
Telephone: 202-514-0485

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR- 16-1065-PHX-DLR |
| Plaintiff, | |
| vs. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| Randall Charles Tucker, aka "Bitcoin Baron," | |
| Defendant. | |

The United States asks the Court to accept the plea agreement and impose a sentence of 41 months of imprisonment, the low end of the applicable Sentencing Guidelines range. As explained below, Tucker's crimes are serious. His DDoS attacks against the City of Madison seriously affected public safety, and his crime spree of computer attacks and extortion affected numerous victims, all while Tucker was on pretrial release for an

unrelated state aggravated-assault charge. Based on the nature of the crime, Tucker's history, and the need for deterrence, the United States recommends a sentence of 41 months of imprisonment.

I.     Statement of Facts

Tucker pleaded guilty to computer crimes in violation of 18 U.S.C. § 1030(a)(5)(A), admitting that he "executed multiple distributed-denial-of-service attacks—also known as 'DDoS' attacks—between March 9 and March 14, 2015, against computer servers used by the City of Madison, Wisconsin." (ECF No. 43 (Plea Agreement) at 7.) The DDoS attacks seriously affected public safety by crippling the city's ability to manage critical police and emergency response systems, such as fire department dispatch and 911 emergency services. (PSR 5 ¶ 12.) "For a period of time during the DDoS attacks, the City of Madison Police Department, Fire Department and other emergency services could not contact their mobile units utilizing the [server], and at other times contact was severely degraded." (PSR 5 ¶ 12.) The attacks also affected first-responders, hospitals, the county jail, and government email communications throughout the area. (PSR 10 ¶ 37.) Tucker relished the mayhem he caused; in a Skype chat with an associate, he forwarded links to news articles about the fallout and boasted that he was "becoming quite famous on the net" and gleefully reported, "this shit is exciting." (ECF No. 9-2 (Detention Memo.) at 2-3.) He also bragged to an associate via Twitter four days later—as the attacks continued—that he was still "[t]rying different ways of attacking [the server]" and that he was "not [the] least bit cautious. Cause I know I can get away with it. LOL." (Sent'g Ex. 1 (Twitter Direct Message).)

Tucker aggressively sought notoriety for his nom de guerre, the "Bitcoin Baron." Tucker even threatened news outlets that if they did not correctly attribute the attacks to "Bitcoin Baron" he would crash their site, too. (Sent'g Ex. 2 (March 12, 2015, Email).) This was a credible threat; Tucker had DDoS'd a Washington D.C.-based news outlet five months earlier for ignoring his demands to post a video about another pet cause, also using the "Bitcoin Baron" alias. (PSR 4 ¶¶ 8-9.) The PSR chronicles at least twelve other DDoS

victims for which Tucker claimed responsibility between December 2014 and April 2015, including efforts to "offline" websites for Mesa and Chandler, other government entities, multiple banks, and even the Shriners Hospitals for Children. (PSR 6-9 ¶¶ 17-33.)[1] He confided to friends via Skype that he was "shutting down sites and getting myself on the news as Bitcoin Baron before I go." (ECF No. 9-2 at 5; Sent'g Ex. 3 (Skype Conversations Recovered from Tucker's Computer) (bragging he's "done this for 2 years" and "haven't been caught").)

Tucker reported to state prison May 15, 2015. His crime spree of DDoS attacks and extortion occurred while he was on pretrial release for an unrelated state aggravated-assault charge, and the attacks on the City of Madison occurred right after he pleaded guilty to that offense. (PSR 12 ¶ 57; ECF No. 9-1 at 5.) In the aggravated-assault case, Tucker ultimately served a 1.5-year sentence in state custody for stabbing his father with a kitchen knife. (PSR 12 ¶ 57.) While incarcerated in state prison, Tucker was disciplined for disobeying orders, tampering with a security device, and assaulting a corrections officer. (PSR 12 ¶ 57; ECF No. 9-3.)

II.     Sentencing Recommendation

The "nature and circumstances" of Tucker's crime are very serious; his efforts to shut down the City of Madison website for days caused a significant threat to public safety. *Cf.* 18 U.S.C. § 3553(a)(1) (requiring consideration of "nature and circumstances" of offense). The crime is even more serious when viewed in light of the many other attacks he boasted about, including DDoS attacks against computer networks for municipal governments, banks, and other entities. Although he occasionally portrayed his attacks as politically motivated, his Skype and Twitter communications—as well as the wide variety of victims—show that he was instead motivated by a desire to gain infamy for his online identity "Bitcoin Baron" before reporting to prison.

---

[1] His "Bitcoin Baron" YouTube channel at https://www.youtube.com/channel/UCn_mddN7iGRzmp9ZWMEr5gQ also has other videos claiming credit for various DDoS attacks and bragging that the FBI would not be able to catch him.

Tucker's "history and characteristics" are also troubling. *Cf.* 18 U.S.C. § 3553(a)(1). He committed the offense of conviction while on presentence release for a state aggravated-assault conviction. This could justify an upward departure in his criminal history category. *See* U.S.S.G. § 4A1.3(a)(1), (a)(2)(D); *United States v. Gayou*, 901 F.2d 746, 748 (9th Cir. 1990) (affirming upward departure under U.S.S.G. § 4A1.3 where, among other concerns, the defendant was pending trial and sentencing on state charges). Regardless, it is a significant aggravating factor, especially when considered along with his disciplinary record in state prison and his recent conviction for an unrelated but violent offense.

Most significant, though, is the need for the sentence to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public." *Cf.* 18 U.S.C. § 3553(a)(2)(A)-(C). Tucker committed the offense under the false belief that shutting down websites and extorting news organizations to gain fame was "exciting." He also believed that he had sufficiently concealed his true identity so that he could wreak havoc with impunity—he hid behind the online identity "Bitcoin Baron," used a third-party DDoS tool to carry out the attacks, and obscured his involvement through a VPN (virtual private network) service. (Sent'g Ex. 3 at 2-4 (discussing methods of concealing and bragging that "FBI cant catch me" despite "DDoSing for 2 years"). A significant sentence is warranted not just to deter Tucker from engaging in similar activities in the future, but also to provide a measure of general deterrence. The Court's sentence in this case should send a strong message that DDoS attacks—especially those directed at critical infrastructure or public safety networks—are not fun or exciting. They are serious crimes, resulting in serious consequences.

III. Conclusion

For all of these reasons, the United States asks the Court to accept the plea agreement and sentence Tucker to 41 months of imprisonment, the low end of the advisory range.

//

//

Respectfully submitted this 31st day of August, 2017.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

  *s/ James R. Knapp*

JAMES R. KNAPP
Assistant U.S. Attorney

LAURA-KATE BERNSTEIN
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on 8/31/2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

  *s/ James Knapp*
U.S. Attorney's Office